**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHARLES PERRY,**

    **Petitioner,**

**v.  //    CIVIL ACTION NO. 1:07CV170**
                                          **(Judge Keeley)**

**JOE DRIVER,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 11, 2007, pro se petitioner Charles Perry ("Perry"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to immediately transfer him to a Community Corrections Center. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On February 28, 2008, the respondent, Joe Driver ("Driver"), filed a motion to dismiss.

On July 3, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation recommending that Driver's motion to dismiss be granted, and Perry's motion under § 2241 be denied and the case be dismissed without prejudice. The Report and Recommendation also specifically warned that failure to object to the recommendation within ten days of receipt of service would

result in the waiver of any appellate rights on this issue.  No objections were filed.[1]

Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 20), **GRANTS** Driver's motion to dismiss (dkt. no. 15), **DENIES** Perry's Application for Habeas Corpus under § 2241 (dkt. no. 1) and **ORDERS** the case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: July 24, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1]  The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).